29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose D. RAYGOZA-ROCHA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dina Lillibeth GARCIA, Defendant-Appellant.
 Nos. 93-10435, 93-10436.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1994.
Decided July 21, 1994.*
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose D. Raygoza-Rocha and Dina Lillibeth Garcia appeal their convictions, following a jury trial, of conspiracy to possess with intent to distribute marijuana, 21 U.S.C. Secs. 841(a)(1), (b)(1), and 846. We have jurisdiction, 28 U.S.C. Sec. 1291; 18 U.S.C. Sec. 3742, and we affirm.
 
 
 3
 * Raygoza argues that the district court committed plain error by failing to conduct a hearing in accordance with Batson v. Kentucky, 476 U.S. 79 (1986), after the prosecutor used a peremptory challenge to strike venireman Zaragoza. The record reveals that Raygoza, through counsel, waived any Batson challenge to the prosecutor's action. Accordingly, we will not consider the argument. United States v. Olano, 113 S.Ct. 1770, 1777 (1993).
 
 II
 
 4
 Raygoza next argues that his Fifth Amendment right to remain silent was violated when, during rebuttal, the prosecutor commented on Raygoza's failure to take the stand. This argument fails. The prosecutor's comments came in rebuttal to defense counsel's argument that the government's proof was deficient. The prosecutor offered an alternative explanation for Sanchez's failure to mention Raygoza's name; pointed out that she was a witness to his presence during the conversation; and drew the jury's attention to the absence of contradictory evidence. The jury would not naturally and necessarily take the latter point to be a comment on Raygoza's decision to take the stand; Raygoza could have, but did not, call witnesses to testify that the voice on the tape was not his. See United States v. Bagley, 772 F.2d 482, 494-95 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986).
 
 III
 
 5
 Raygoza also argues that the district court erred in admitting Dominguez's testimony about his and Raygoza's negotiations for the purchase of cocaine. Because Raygoza failed to object when Dominguez testified, we review for plain error. United States v. Segal, 852 F.2d 1152, 1155 (9th Cir.1988). As the testimony was direct evidence of the crime charged, and was not 404(b) evidence, the district court did not err in admitting it.
 
 
 6
 Dominguez's cocaine-negotiation testimony was "inextricably intertwined" with his testimony concerning the marijuana-smuggling operation. United States v. Freeman, 6 F.3d 586, 599 (9th Cir.1993), cert. denied, 114 S.Ct. 1661 (1994). Dominguez did not testify to a remote instance of Raygoza dealing cocaine, but rather to a contemporaneous drug transaction Raygoza was attempting to arrange with an individual he believed to be a close friend of Sanchez, his newly-discovered conduit for trafficking drugs across the American border.
 
 IV
 
 7
 Raygoza and Garcia both argue that the government's evidence failed to show an agreement between each of them and at least one non-government agent. See United States v. Escobar de Bright, 742 F.2d 1196, 1199 (9th Cir.1984). Raygoza's argument is based entirely on his speculation that Duran was an undercover DEA agent. Dominguez testified that Duran was an agent of neither the DEA nor the Mexican government. The jury credited this testimony, and we have no call to disturb that finding.
 
 
 8
 Garcia claims there was no evidence that she ever talked to or conspired with anyone other than Sanchez. This argument fails. Duran referred Sanchez to Garcia; when Sanchez identified herself as calling on the "Rooster's" behalf, Garcia agreed to and did meet Sanchez the following morning; at that meeting, Garcia immediately inquired about the marijuana. The evidence was sufficient for the jury to find that Garcia must have conspired with Duran or someone other than Sanchez who was involved in the smuggling operation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3